**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| COUNTY LINE BUICK NISSAN, INC. | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:07-cv-625 (JCH) |
| v. | : | |
| | : | |
| PAUL L. HALLINGBY and DARRYL PECK, | : | |
| | : | |
| Defendants. | : | JUNE 19, 2007 |

**RULING ON MOTION TO REMAND (DKT. NO. 9)**

On April 30th, 2007, Plaintiff County Line Buick Nissan, Inc. moved this court to remand this case to the Superior Court for the Judicial District of Waterbury pursuant to 28 U.S.C. §1447. Plaintiff's Motion to Remand (Dkt. No. 9). Plaintiff argues that Defendants did not have complete diversity to satisfy jurisdictional requirements in this court. On May 17, 2007 Defendants filed a Responsive Memorandum in Opposition to this Motion detailing the factual claims for Mr. Hallingby's domiciliary status in New York. Def.'s Memo in Opp. to Motion to Remand (Dkt. No. 10).

**Standard of Review**

The party opposing a motion to remand bears the burden of showing that the requirements for removal have been met. California Public Employees' Retirement Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citing Grimo v. Blue Cross/Blue Shield of Vermont, 34 F.3d 148, 151 (2d Cir. 1994)); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §3739 (3d ed. 1998) (collecting cases). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state

governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Intern., Inc., 28 F.3d 269, 274 (2d Cir. 1994) (citing Shamrock Oil & Gas Corp. V. Sheets, 313 U.S. 100, 108 (1941); 1A J. Moore and B. Ringle, Moore's Federal Practice ¶ 0.157, at 38 (2d ed. 1989)).

As a general rule, federal courts have diversity jurisdiction over an action only where all plaintiffs are citizens of different states from all defendants. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998); 13B Wright and Miller, Federal Practice and Procedure § 3605; see 28 U.S.C. § 1332.

**Discussion**

"A person is deemed a citizen of the state wherein he or she is domiciled, and establishing one's domicile in a state generally requires both physical presence there and intent to stay." Universal Reinsurance Company, Ltd. v. St. Paul Fire and Marine Insurance Company, 224 F.3d 139, 141 (2d Cir. 2000). Hallingby's Affidavit with respect to his residency at the time the complaint was filed suffices to meet his burden with respect to asserting that jurisdiction exists. Affidavit, Mem in Opp. to Motion to Remand (Dkt. No. 10) Exh. A. This court finds that he has demonstrated his New York citizenship by proving that he is a resident and domiciliary of that state. See Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186 (2d Cir. 2003). Thus, complete diversity exists.

On the record before the court, the Plaintiff's motion to remand is DENIED, without prejudice to renew should discovery reveal an absence of diversity.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 19th day of June, 2007.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge